**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORY DIARRASSOUBA, | : | CIVIL ACTION NO. 12-2257 (MLC) |
| Petitioner, | : | **O P I N I O N** |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**MORY DIARRASSOUBA** ("Petitioner"), who is pro se, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § ("Section") 2255 ("2255 Motion"). (See dkt. entry no. 1, 2255 Mot.) The underlying criminal case before this Court was United States v. Diarrassouba, Criminal No. 11-12 (MLC).

### MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves pursuant to 18 U.S.C. § 3006A for the appointment of counsel here, arguing that he lacks the ability to present his arguments effectively. (See dkt. entry no. 11, Counsel Mot. at 1.) There is no constitutional right to counsel for pro se litigants in civil cases in general, or in proceedings brought pursuant to Section 2255 in particular. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997). In addition, there is no statutory right to counsel for pro se litigants in proceedings brought pursuant to Section 2255. See Parham, 126 F.3d at 457. However,

this Court possesses the discretion to determine whether counsel should be appointed here. See 18 U.S.C. § 3006A(a)(2)(B); Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993).

The record does not support the appointment of counsel at this juncture.  Petitioner has demonstrated that he is able to articulate his claims and represent himself, based upon the clarity of the arguments that he has presented in the 2255 Motion without the assistance of counsel.  (See, e.g., dkt. entry no. 1, Petitioner Mem. of Law at 3-8 (discussing Padilla v. Kentucky, 559 U.S. 356 (2010); ineffective assistance of counsel; and collateral consequences).)  This Court finds that Petitioner fully comprehends the issues here, which are neither factually nor legally complex.  Thus, a denial of the appointment of counsel will not create any likelihood that Petitioner will incur substantial prejudice.  Petitioner may move again for appointment of counsel at any time, if appropriate. See Tabron, 6 F.3d at 156.

## SUPPLEMENTAL BRIEFING

This Court is concerned that a recently-issued opinion by United States Supreme Court is relevant to the outcome of the 2255 Motion. See Chaidez v. United States, 133 S.Ct. 1103 (2013).  Thus, this Court intends to direct the parties to file supplemental briefing on whether Chaidez offers any guidance as to the disposition of the 2255 Motion.  In the interests of

justice, this Court intends to permit Petitioner to respond first.

    **THIS COURT** will issue an appropriate order.

                                                         <u>s/ Mary L. Cooper</u>
                                                         **MARY L. COOPER**
                                                         United States District Judge

Dated:  June 3, 2013