**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MORY DIARRASSOUBA, | : | CIVIL ACTION NO. 12-2257 (MLC) |
| | : | |
| Petitioner, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**COOPER, District Judge**

This matter comes before the Court on the pro se motion of Mory Diarrassouba ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). The underlying criminal case in this Court was United States v. Diarrassouba, Crim. No. 11-12 (MLC), in which Petitioner pleaded guilty to one count of conspiracy to falsely alter United States Postal Service money orders in violation of 18 U.S.C. § 371, a Class D Felony. Petitioner seeks to vacate his conviction, contending that he was not informed by his defense attorney that a guilty plea would likely result in his deportation. Upon careful review of the record, we conclude that the Court lacks subject matter jurisdiction under 28 U.S.C. § 2255, because Petitioner was not "in custody" on the underlying conviction at the time he filed the Motion. We will issue an order to show cause notifying Petitioner that he may request that the action be treated as a petition for a writ of coram nobis under 28 U.S.C. § 1651(a), upon the papers already submitted.

## BACKGROUND

The records filed in this action[1] and in the underlying criminal action[2] provide the background and all pertinent facts.

Petitioner states that he is a citizen of Ivory Coast who was admitted to the United States on a visitor visa in 1990, and his status was adjusted to Legal Permanent Resident (CR6) on June 14, 1995. (Dkt. 1-1 at 2.) On January 7, 2011, he pleaded guilty to conspiracy to falsely and materially alter United States Postal Service money orders, contrary to 18 U.S.C. § 500, in violation of 18 U.S.C. § 371. (Crim. dkt. 26 and 35.) He was sentenced on June 23, 2011. (Crim. dkt. 36.)

---

[1] The pertinent records filed under this docket number (Civil No. 12-2257) are the following numbered docket entries ("dkt."): Original Section 2255 Motion, filed on 4-16-2012 (dkt. 1); Petitioner's Memorandum of Law in Support of Section 2255 Motion (dkt. 1-1); Miller notice (dkt. 2); Second Miller notice and Order of consolidation (dkt. 7); Order setting schedule for filing of Answer and Reply (dkt. 9); Notice of Change of Address (dkt. 10); Motion to Appoint Counsel (dkt. 11); Respondent's Answer (dkt. 13); Opinion and Order denying Motion to Appoint Counsel without prejudice and setting schedule for filing of supplemental briefs (dkt. 14 and 15); Petitioner's Supplemental Brief (dkt. 17); and Respondent's Supplemental Brief (dkt. 18). Petitioner filed a second Section 2255 Motion on 5-30-2012, which was assigned Civil No. 12-3220 ("Second 2255 Motion"). That action was consolidated into the first action by the Order entered on that docket at docket entry 3, identical to the Order entered on the docket of Civil No. 12-2257 at docket entry 7.

[2] The pertinent records filed in the underlying criminal action, Crim. No. 11-12 (MLC), are the following numbered docket entries ("crim. dkt."): Information (crim. dkt. 26); Plea agreement (crim. dkt. 30); Transcript of Plea Hearing (crim. dkt. 35); Judgment of Conviction (crim. dkt. 32); Transcript of Sentencing Hearing (crim. dkt. 36); Notice of Appeal (crim. dkt. 33); and Certified Order of United States Court of Appeals for the Third Circuit, dismissing appeal as untimely (crim. dkt. 37).

Petitioner's defense counsel informed the Court during the sentencing hearing that she had been informed, that very day, that an Immigration and Customs Enforcement ("ICE") detainer had been placed on her client. (Id. at 12-13.) The prosecutor then explained that whenever Petitioner was released from custody in his criminal case, he would go into ICE custody on the immigration detainer. (Id. at 13.)

This Court conducted the sentencing hearing in three distinct steps, as required under post-Booker sentencing procedures. United States v. Booker, 543 U.S. 220 (2005). Consistent with the parties' stipulations in the plea agreement and the recommendations in the Presentence Report, we calculated Petitioner's advisory guidelines range for imprisonment to be 18 to 24 months, based on a total offense level of 15 and criminal history category I. (Crim. dkt. 36 at 5-6.)[3] Next, the government moved for downward departure based on substantial assistance pursuant to USSG § 5K1.1, and recommended a sentence of time served. At that point, Petitioner had been in custody on the criminal charge for about 14½ months. (Id. at 8-9.) We granted a downward departure to offense level 12, resulting in an advisory range for imprisonment of 10 to 16 months. (Id.) At the final step of the sentencing hearing, both counsel recommended a sentence of time served, with no term of supervised release, which the Court granted. (Id. at 9-14.) We

---

[3] The total offense level was calculated as follows: Base offense level 6 (USSG § 2B1.1(a)(2)); 12-level upward adjustment based on stipulated loss amount of more than $200,000 and less than $400,000 (USSG § 2B1.1(b)(1)(G)); 3-level downward adjustment for acceptance of responsibility (USSG §§ 3E1.1(a) and (b)); total offense level 15. (Crim. dkt. 36 at 4-5.)

also waived any fine, but did impose a stipulated restitution figure of $392,646.05,

payable in installments of $50.00 per month.  (Id. at 7, 14-15; crim. dkt. 32 at 1-5.)

As the prosecutor explained at the sentencing hearing, once the time-served

sentence was imposed in the criminal case, the custody of Petitioner would be transferred

from the U.S. Marshals Service (which was holding him in the criminal case) to the ICE

agency, which would hold him under the immigration detainer.[4]  The Judgment of

Conviction was signed and filed on the same day as the sentencing hearing itself, June 23,

2011.  (Crim. dkt. 32.)    Thus, as of June 24, 2011, Petitioner was no longer incarcerated

in the criminal case and he had been taken into ICE custody as an immigration detainee.

The following year, on March 23, 2012, Petitioner signed and delivered to the ICE

internal mailing system for delivery to this Court two filings, each of which was docketed

upon receipt on April 16, 2012.  The first was captioned and docketed as a Notice of

Appeal in his criminal case.  (Crim. dkt. 33.)  The second was his Section 2255 Motion

---

[4]  That topic was covered during the sentencing hearing when this Court inquired:

COURT: . . . Has anyone inquired of the marshal whether they can convey Mr.
Diarrassouba to immigration authorities if we terminate his involvement here?

PROSECUTOR:  Judge, I spoke with the marshals earlier today.  They are aware
of the immigration detainer and apparently both the marshal service and ICE use
Monmouth County jail as a holding location.  And so, my understanding from my
conversation with the marshals is they would simply return him to Monmouth
County jail and, at that time, he would be in ICE custody rather than marshals
custody until he can work out the immigration issues with ICE.

(Crim. dkt. 36 at 13.)

accompanied by a supporting brief, which commenced this action. (Dkt. 1 and 1-1.)

Both were mailed from his location of ICE detention, the Essex County Correctional

Facility ("ECCF") at 356 Doremus Avenue, Newark, New Jersey. (See crim. dkt. 33 at 1-

2; dkt. 1 at 1.) The Notice of Appeal stated, "I am in ICE detention in Excess [sic] county

jail." (Crim. dkt. 33 at 1.) The Section 2255 Motion stated that Petitioner was currently

Prisoner No. 2011-12700 at "ECCF 356 Doremus Avenue." (Dkt. 1 at 1.)[5]

The Court of Appeals dismissed Petitioner's direct appeal as untimely, ruling as

follows:

> Appellant seeks review of the June 23, 2011 judgment. The
> government objects to the timeliness of the appeal from the judgment....
> The notice of appeal from judgment was not filed until March 23, 2012, or
> 274 days after judgment was entered. This period of time far exceeds the
> 14 days provided by applicable Rules. See Fed.R.App.P. 4(b)(1).
> Accordingly, the government's motion is granted and the appeal is dismissed.

(Crim. dkt. 37.)[6]

---

[5] Petitioner was later released from ICE detention, and on October 9, 2012 he filed a
notice of change of address giving a street address in New York City. (Dkt. 10.) He stated in a
subsequent filing that his release date from that detention was September 21, 2012. (Dkt. 11 at
1.) His ICE release date does not affect our analysis, because subject matter jurisdiction is
determined as of the date an action is commenced. See Maleng v. Cook, 490 U.S. 488, 490-91
(1989), discussed infra.

[6] We note that the Court of Appeals referred to March 23, 2012 as the "filing date" of
Petitioner's Notice of Appeal, despite the fact that it was not actually received and docketed in
this Court until April 16, 2012. This reflects the so-called "mailbox rule" for inmate filings
announced in Houston v. Lack, 487 U.S. 266 (1988), and codified as to the time for filing a
notice of appeal in Fed.R.App.P. 4(c)(1).

This Court promptly reviewed the Section 2255 Motion, which was set forth on the

standard form for federal inmates supplied by the Clerk (see L.Civ.R. 81.2(a)), and issued

a Miller Notice and Order on April 25, 2012. (Dkt. 2.) However, we failed to discover

the jurisdictional issue addressed below until we conducted our thorough review of the

records once the briefing was complete. The balance of the procedural history of this

action is summarized in the margin.[7]

---

[7] Petitioner's original Section 2255 Motion, docketed in this action on April 16, 2012,
contains one claim, alleging ineffective assistance of counsel for failure to advise of the
mandatory deportation consequences of his guilty plea and conviction. (Dkt. 1 at 4, 9.)
Petitioner relies on Padilla v. Kentucky, 559 U.S. 356 (2010) in support of that claim ("Padilla
claim"). (Dkt. 1-1.) We issued a standard Miller Notice and Order, filed on April 25, 2012,
setting a date of June 12, 2012 for Petitioner to respond if he wished to do so. (Dkt. 2.) Instead
of responding to that Miller Notice and Order, Petitioner filed another Section 2255 Motion
(again on a standard federal inmate Section 2255 form), which was docketed as the Second 2255
Motion on May 30, 2012. See Civil No. 12-3220 (MLC), dkt. entry no. 1. That Second 2255
Motion did not contain the Padilla claim; in fact, Ground One on the form was left blank. Id. at
5-6. Instead, it set forth Ground Two (objecting to the 12-level loss amount upward adjustment,
see n.3 supra); and Ground Three (objecting to the restitution obligation). Id. at 6-9. We then
issued a Second Miller Notice and Order consolidating the two actions and notifying Petitioner
that unless he filed one single all-inclusive Section 2255 motion in this action by September 4,
2012, only the original Section 2255 motion would be ruled upon. (Dkt. 7.) When Petitioner did
not respond to that Second Miller Notice and Order, we issued an Order on September 12, 2012,
directing Respondent to file its answer responding only to the allegations in the original Section
2255 Motion within 45 days, and stating that Petitioner could file a reply within 30 days after
receiving Respondent's answer. (Dkt. 9.) Respondent filed its timely Answer on October 26,
2012. (Dkt. 13.) Meanwhile, Petitioner had filed a motion for appointment of counsel, and he
filed no reply brief. (Dkt. 11.) The Opinion and Order denying that motion without prejudice,
filed on June 3, 2013, directed the parties to file supplemental briefs addressing the issue of
retroactivity of Padilla, in light of Chaidez v. United States, 133 S.Ct. 1103 (2013). (Dkt. 14 and
15.) Petitioner filed a motion for extension of time to file his supplemental brief on July 8, 2013
(dkt. 16), which we will grant nunc pro tunc. Petitioner's Supplemental Brief was filed on
August 12, 2013. (Dkt. 17.) Respondent's opposing brief was filed on September 5, 2013. (Dkt.
18.) All of the briefing was on the substantive issues; both parties assumed without discussing
the Court's subject matter jurisdiction.

**DISCUSSION**

28 U.S.C. § 2255 provides in pertinent part that "A prisoner **in custody under sentence of a court established by Act of Congress** ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). This "in custody" requirement is required for subject matter jurisdiction under both 28 U.S.C. § 2255(a) ("Section 2255") for federal court convictions, and 28 U.S.C. § 2254(a) ("Section 2254") for state court convictions.

The Supreme Court has held that a movant is not "in custody" under a conviction for the purpose of habeas corpus attack where the sentence imposed for the conviction has fully expired when he files his habeas petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (interpreting Section 2254 as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed)). "[W]hat matters for the 'in custody' requirement is whether the petitioner was in custody *at the time his habeas petition was filed.*" Kumarasamy v. Att'y Gen. of United States, 453 F.3d 169, 173 n.7 (3d Cir. 2006) (emphasis in original). Although Maleng involved a request for habeas corpus relief under Section 2254, its analysis applies to Section 2255 as well. See Heflin v. United States, 358 U.S. 415, 421 (1959); see also United States v. Washington, 341 F.2d 277, 280 (3d Cir. 1965) (stating same).

The "in custody" requirement is liberally construed for purposes of habeas corpus. Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) (citing Maleng, 490 U.S. at 490-

92). Thus, in Jones v. Cunningham, 371 U.S. 236 (1963), the Supreme Court ruled that a habeas petitioner was still "in custody" when he was subject to the restrictions of a parole order after release from incarceration. Id. at 243-44 (reversing dismissal of habeas petition as moot when petitioner was placed on parole). However, the Third Circuit has held, in accord with other circuits, that a fine or restitution obligation imposed in a criminal sentence is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, Sections 2254 and 2255. Obado, 328 F.3d at 717-18. The Maleng Court also "rejected the notion that after a prisoner's sentence has expired, collateral consequences of the conviction, such as inability to vote, engage in certain businesses, hold public office or serve as a juror, constitute 'custody' for habeas corpus purposes." Obado, 328 F.3d at 718 n.2 (citing Maleng, 490 U.S. at 492).

Those federal courts that have faced the issue of whether deportation proceedings following a criminal conviction may constitute being "in custody" for purposes of bringing a habeas petition challenging the conviction have answered in the negative, even if the movant is being held in immigration detention pending deportation. See, e.g., United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (finding that petitioner did not satisfy the "in custody" requirement of Section 2255 even though he was facing the collateral consequence of deportation); Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) ("Because Kandiel's sentence was fully expired by the time he filed his section 2255 motion and the current deportation proceedings against him are merely a collateral

8

consequence of his conviction, he is not 'in custody' for the purposes of section 2255.");

Guzman v. United States, No. 11-2433, 2011 WL 6097128, at *3-4 (S.D.N.Y. Dec. 7, 2011) (same; collecting cases).

Applying these principles to the present case, we find that for purposes of the "in custody" requirement of Section 2255, the custodial portion of Petitioner's sentence on his federal conviction here completely expired on June 23, 2011, when he was sentenced to time served with no supervised release. The only other feature of that sentence, the restitution order, does not qualify him for "in custody" status beyond that date. Obado, 328 F.3d at 717-18. We further find that although he was detained in the ECCF on an ICE detainer on March 23, 2012, when he initiated this Section 2255 Motion, that immigration detention does not qualify as being "in custody" for purposes of challenging his federal conviction under Section 2255. See, e.g., Kandiel, 964 F.2d at 796. Therefore, we conclude that this Court lacks subject matter jurisdiction over Petitioner's Section 2255 Motion.

"The unavailability of habeas relief does not leave deserving petitioners entirely without recourse because they may be able to bring claims via a writ of error coram nobis." Obado, 328 F.3d at 718. The federal district courts have subject matter jurisdiction to adjudicate such claims under the All Writs Act, 28 U.S.C. § 1651(a). "[I]n United States v. Morgan, 346 U.S. 502 ... (1954), the Supreme Court relied on the existence of coram nobis despite Rule 60(b), and the writ has been utilized on numerous occasions by the

lower federal courts since that time." Id.  That is exactly what petitioner did in Chaidez v.

United States, 133 S.Ct. 1103 (2013), in order to challenge her federal conviction for mail

fraud after her sentence was fully served and she was facing deportation proceedings.

There, the Supreme Court observed:

> A petition for a writ of coram nobis provides a way to collaterally attack
> a criminal conviction for a person, like Chaidez, who is no longer "in custody"
> and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241.  See
> United States v. Morgan....  Chaidez and the Government agree that nothing in
> this case turns on the difference between a coram nobis petition and a habeas
> petition, and we assume without deciding that they are correct.

Chaidez, 133 S.Ct. at 1106 n.1.

Coram nobis, not unlike habeas corpus itself, "is an extraordinary remedy, and a

court's jurisdiction to grant relief is of limited scope."  United States v. Stoneman, 870

F.2d 102, 106 (3d Cir. 1989).  The case law generally states that the standard for granting

a writ of coram nobis "is even more stringent than that on a petitioner seeking habeas

corpus relief under § 2255."  Id.  However, we doubt that to be the case where, as here,

Petitioner seeks to bring a Padilla claim after an expired federal conviction, which was

the same type of claim advanced by the petitioner in Chaidez.  There, the Supreme Court

made the above-quoted statement about the lack of difference between the two types of

proceedings in that context.  Chaidez, 133 S.Ct. at 1106 n.1.  Of course, the burden of

proof is on Petitioner in a coram nobis proceeding, as it is under Section 2255.  Thus, on a

coram nobis petition, "[e]arlier proceedings are presumptively correct and the petitioner

bears the burden to show otherwise."  Stoneman, 870 F.2d at 106.

10

There is a requirement in the case law that a <u>coram</u> <u>nobis</u> petition not be presented

with unreasonable delay.  <u>See</u> <u>Mendoza v. United States</u>, 690 F.3d 157, 159 (3d Cir. 2012)

(affirming denial of <u>coram</u> <u>nobis</u> petition on basis of unreasonable delay when petitioner

had waited some four years to allege that his counsel had rendered ineffective assistance),

<u>cert. denied</u>, 133 S.Ct. 1456 (2013).  However, that requirement is met here, because

Petitioner did exercise reasonable diligence in filing his Section 2255 Motion within the

one-year statutory limitation period applicable to such motions.  <u>See</u> 28 U.S.C. § 2255(f).

We observe that there is one procedural difference between bringing a Section

2255 motion and a <u>coram</u> <u>nobis</u> petition that would apply, but it would actually favor

Petitioner in this case.  It is the law that a <u>coram</u> <u>nobis</u> petitioner may appeal from denial

of such a petition without obtaining a certificate of appealability, unlike a Section 2255

petitioner who cannot appeal without being granted such a certificate by either the

District Court or the Court of Appeals.  <u>See</u> <u>United States v. Baptiste</u>, 223 F.3d 188, 189

n.1 (2000) ("Neither the statute making the writ of error coram nobis available in federal

courts in criminal matters, <u>see</u> 28 U.S.C. § 1651(a), nor any Federal Rule of Appellate

Procedure requires a certificate of appealability before an appeal may be taken, nor does

such a requirement appear in the case law.").

## CONCLUSION

The Court finds that it lacks subject matter jurisdiction to adjudicate the pending

Section 2255 motion because Petitioner was not "in custody" pursuant to the Judgment of

Conviction filed in this Court on June 23, 2011, when he filed his Section 2255 Motion on March 23, 2012. The fact that he was in the custody of Immigration and Customs Enforcement in deportation proceedings on March 23, 2012 does not qualify as "in custody" for purposes of conferring jurisdiction on this Court under 28 U.S.C. § 2255. Therefore, the Section 2255 Motion must be dismissed for lack of jurisdiction unless this Court exercises its discretion to treat the Section 2255 Motion as if it were a petition for a writ of coram nobis, in which event the Court will have subject matter jurisdiction over the coram nobis petition under the All Writs Act, 28 U.S.C. § 1651(a).

The Court will not so act unless Petitioner timely requests that his Section 2255 Motion be treated as if it were a petition for a writ of coram nobis. We will notify Petitioner of that opportunity in a separate Notice and Order. If that request is made by Petitioner, the Court will decide the coram nobis petition on the existing record and the extensive briefs submitted to date, and will not allow further briefing or other submissions before the Court renders its ruling on the merits. If that request is not made by Petitioner, then this action will be dismissed for lack of subject matter jurisdiction, with no ruling on the merits of the Section 2255 Motion.

The Court will issue an appropriate Order, Notice, and Order to Show Cause.

                                      s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

Dated: February 7, 2014